UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 7:07-CR-84-BO
No. 7:09-CV-64-BO

| | |
|---|---|
| ANTHONY WAYNE DIAL, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

This matter is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 and the Government's Motion to Dismiss. For the reasons set forth below, Petitioner's Motion to Vacate is GRANTED in part, and the Government's Motion to Dismiss is DENIED. The Clerk of Court is DIRECTED to vacate and re-enter Defendant's judgment of conviction. With the re-entering of the judgment of conviction, any other outstanding motions filed post-conviction are rendered MOOT.

On August 24, 2007, Petitioner pleaded guilty pursuant to a written plea agreement to a Criminal Information charging him with conspiracy to distribute more than five (5) kilograms of cocaine in violation of 21 U.S.C. § 846. In the plea agreement, Petitioner waived the right "to appeal whatever sentence is imposed on any ground . . . reserving only the right to appeal from a sentence in excess of the advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting the Defendant's right to appeal based upon grounds of ineffective assistance of counsel . . . not known to the Defendant at the time of

the Defendant's guilty plea." On April 16, 2008, petitioner was sentenced to a term of three hundred and seventy-eight (378) months imprisonment, five (5) years supervised release, a fine, and a special assessment.

Petitioner now claims that he directed his attorney to appeal his sentence. The Government does not contest this claim and requests "that the court allow petitioner the limited right to file an out of time notice of appeal." D.E. #38. *See e.g. United States v. Mongold*, 2007 WL 4322293 (4th Cir. Dec. 11, 2007) (unpublished). Therefore, the Clerk of Court is DIRECTED to vacate and re-enter Defendant's judgment of conviction.

The Government also moves to dismiss the remainder of Petitioner's § 2255 Motion. But this Court may not deny the Motion in part and re-enter Petitioner's judgment of conviction and permit the appeal period to run anew because the claims raised in Petitioner's Motion could be raised in Petitioner's direct appeal. *United States v. Glover*, 2010 WL 358572 (4th Cir. Feb. 2, 2010) (unpublished). Accordingly, the Government's Motion to Dismiss is DENIED. The remainder of Petitioner's § 2255 Motion is rendered MOOT at this time, but this Order does not affect Petitioner's ability to present these claims on direct appeal or in a future § 2255 Petition.

SO ORDERED, this 6 day of July, 2010.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

-2-

Case 7:07-cr-00084-BO   Document 41   Filed 07/07/10   Page 2 of 2